# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 83 | **DATE** | 5/31/2013 |
| **CASE TITLE** | *Nationwide Advantage Mortgage Co. v. Mortgage Services III, LLC, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Nationwide Advantage Mortgage Co.'s motion to strike Defendants' affirmative defenses [34-1] is granted. Defendants shall replead their affirmative defenses, as provided in this order, within fourteen days of the date of entry of this order.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

     The Court has reviewed Nationwide Advantage Mortgage Co.'s ("NAMC") motion to strike Mortgage Services III, LLC's and First State Bank's ("Defendants") affirmative defenses and concludes a response at this time is unnecessary. For the reasons stated below, the motion to strike is granted.

     Federal Rule of Civil Procedure ("Rule") 12(f) authorizes a court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Affirmative defenses are pleadings subject to the requirements of the Federal Rules of Civil Procedure. *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982). Consequently, courts in this district have traditionally utilized a three-part inquiry when examining affirmative defenses subject to a motion to strike: (1) "whether the matter is appropriately pleaded as an affirmative defense" and "[o]nly matters that deserve a clear 'no' answer will be stricken to make the pleadings more concise"; (2) "if it is adequately pleaded under the requirements of Rules 8 and 9" and if "inadequately pleaded, [the affirmative defense] will be dismissed without prejudice to enable defendant[ ] to correct that technical deficiency"; and (3) whether the affirmative defense meets the Rule 12(b)(6) standard. *Id.* (citations omitted); *see Powell v. W. Asset Mgmt.*, 773 F. Supp. 2d 761, 762 (N.D. Ill. 2011).

     In general, because affirmative defenses are subject to the Federal Rules of Civil Procedure, they must comply with Rule 8 and set forth a "short and plain statement" of the basis for the defense. *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 904-05 (N.D. Ill. 2006) ("Even under the liberal notice pleading standards of the Federal Rules, an affirmative defense must include either direct or inferential allegations as to all elements of the defense asserted."); *see also EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level") (citation and internal quotation marks omitted). Because none of Defendant's affirmative defenses are supported with any facts, they must all be

replead, except as stated below.

Affirmative Defense #1 states that "[i]n the Order, the Court dismissed NAMC's claim for repurchase under the Agreement and the Addendum." This states a fact and is not an affirmative defense and is therefore stricken with prejudice. Affirmative Defense # 2 states that "[t]he Complaint fails to state a claim upon which relief can be granted." This affirmative defense simply restates the standard for dismissal under Rule 12(b)(6). As this Court has made clear, such a conclusory statement is insufficient to allege an affirmative defense. *See, e.g., Thomas v. Exxon Mobil Corp.*, No. 07 C 7131, 2009 WL 377334, at *2 (N.D. Ill. Feb.11, 2009); *see also Builders Bank v. First Bank & Trust Co. of Ill.*, No. 03 C 4959, 2004 WL 626827, at *5 (N.D. Ill. Mar. 25, 2004) ("Defenses which are no more than bare bones legal conclusions are not sufficient to survive a motion to strike."). Further, the Court has already ruled on Defendant's Rule 12(b)(6) motion and the Court, with little exception, allows only motion per case. Thus, the Court strikes Affirmative Defense # 2 with prejudice.

NAMC's assertion that all of FSB's affirmative defenses are barred as a matter of law by the Guaranty it signed in this case is an argument more appropriately raised at the dispositive motion stage and will not be considered at this time. *Reis Robotics*, 462 F. Supp. 2d at 905 ("Before granting a motion to strike an affirmative defense, the Court must be convinced that there are no unresolved questions of fact, that any questions of law are clear, and that under no set of circumstances could the defense succeed.").

Affirmative Defense # 3 states "NAMC's claims are barred, in whole or in part, by the terms of the Agreement." While NAMC argues that this defense is deficient because it merely denies the allegations of the complaint, the Court disagrees. It is possible that certain provisions of the Agreement at issue bar, *i.e.*, defeat, NAMC's claims and thus it is properly plead as an affirmative defense, assuming Defendants support the defense with facts. *Id.* at 906 (an affirmative defense "requires a responding party to admit a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability (or perhaps from full liability)") (citation and internal quotation marks omitted). The same is true with respect to Affirmative Defense # 4, which states that "NAMC's claims are barred, in whole or in part, by NAMC's material breach of the Agreement." Thus, the motion to strike these affirmative defenses on the ground they are not proper affirmative defenses is denied; however, facts in support of the defenses must be provided.

Plaintiff asserts that not only is Affirmative Defense # 9, which includes an assertion of estoppel, deficient under Rule 8(a), but it also is not plead with particularity as required by Rule 9(b). Because estoppel is generally "premised on a showing of intentional deception or gross negligence amounting to fraud," it must be plead with particularity. *United States ex rel. James Cape & Sons Co. v. Am. Home Assur. Co.*, 02 C 1903, 2004 WL 3119029, at *8 (N.D. Ill. Dec. 3, 2004).

Finally, the Court agrees that Affirmative Defense # 11, which states that Defendants "reserve the right to assert any other affirmative defenses based on any information disclosed during discovery," is not an affirmative defense. Rule 15(a) provides a vehicle for Defendants to amend their affirmative defenses should they find it necessary to do so later in the case. This affirmative defense is stricken with prejudice. For these reasons, NAMC's motion to strike [34-1] is granted. Defendants have fourteen days from the date of this order to replead their affirmative defenses as provided herein.